(58 Misc. Rep. 3.)

### In re BURKE.

(Supreme Court, Special Term, Kings· County. February, 1908.)

ALIENS—NATURALIZATION—AUTHORITY OF SUPREME COURT.

In a proceeding to admit a person to citizenship, where such person files a petition, and notice is given of final hearing by the clerk, and the petitioner removes his residence to another judicial district, it does not deprive the Supreme Court in the district in which he resided at the time of the filing of the petition of jurisdiction to make a final order admitting him to citizenship.

In the matter of Andrew Burke. Application to strike from enrollment book the names of certain electors. Order admitting Burke to citizenship.

William J. Youngs, U. S. Atty. (Louis R. Bick, of counsel), opposed.

CARR, J. In July, 1907, Andrew Burke, residing in the borough of Brooklyn, filed a petition with this court in the Second judicial district to be admitted as a citizen of the United States. This petition complied with all the requirements of section 4 of the naturalization act of June 29, 1906 (34 Stat. 596, c. 359 [U. S. Comp. St. Supp. 1907, p. 420]). Thereupon, as provided in section 5 of said act, the clerk of the court gave notice to the public of the application of Burke to be admitted to citizenship on the 26th day of December, 1907. The matter came on for final hearing at a Special Term of this court. The petitioner and his witnesses were cross-examined by the United States attorney. From such examination it appeared that the applicant was entitled to admission to citizenship under the provisions of the statute, provided the court had jurisdiction to admit him.

It appeared, however, from the testimony, that during the running of the notice given by the clerk the applicant had removed from the borough of Brooklyn to the borough of Manhattan some weeks prior to the date of the final hearing. The learned United States attorney thereupon objected to the admission of the applicant to citizenship, on

the specific ground that the removal of his residence from the borough of Brooklyn to the borough of Manhattan divested the Supreme Court in the Second judicial district of jurisdiction over the applicant. The borough of Manhattan is, of course, in the First judicial district of this court.

The naturalization act of 1906 gave to the Supreme Court of the state of New York jurisdiction over the subject-matter of naturalization, and it provides as follows:

"That the naturalization jurisdiction of all courts herein specified, state, territorial and federal, shall extend only to aliens resident within the respective judicial districts of such courts."

The question involved in the objection of the learned United States attorney is to be answered by ascertaining at what time jurisdiction over the person vests in the court under the provisions of this statute. Naturalization proceedings have been held by the United States Supreme Court to be analogous to a civil action or proceeding. The final order is a judgment, and is to be treated as such in every aspect.

Where a court has jurisdiction of the subject-matter, it acquires jurisdiction of the person either by service of its process or by voluntary appearance. It is axiomatic that, where a court has acquired jurisdiction of the person, it does not lose such jurisdiction by any act of the person. For instance, if a person residing in the state of New Jersey should bring an action in a federal court in the city of New York, on the ground of diversity of citizenship, that court would not lose jurisdiction of the action, should the plaintiff remove his residence to the state of New York before the entry of final judgment. Innumerable other examples of this rule might be cited.

It seems quite clear to me that the jurisdiction of this court over the person of Burke in this proceeding became vested when the petition provided by the act in question was filed with it and the notice given by the clerk of the final hearing. Having jurisdiction of the subject-matter, and having acquired jurisdiction over Burke by his petition, the court did not become divested of such jurisdiction by the mere fact of Burke removing to the borough of Manhattan, in the city of New York, pending the running of the notice of the final hearing. Burke did not abandon the proceeding, for he appeared on the final hearing and gave his testimony.

I am of the opinion, therefore, that the court has jurisdiction to make the final order herein admitting Burke to citizenship.

Ordered accordingly.